UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CLAUDIO ORTEGA CAMEJO and all others ) Case No.:
similarly situated under 29 U.S.C. 216(B), )
                               )
                Plaintiff, )
      vs. )
                               )
VAPOR PASSION CORP., YASANIA )
BRAVO, CARLOS LLAMOS, )
                               )
            Defendants. )
_____ )

## COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATION

Plaintiff, Claudio Ortega Camejo, on behalf of himself and all others similarly situated under 29 U.S.C. 216(B), by and through the undersigned, files this Complaint against Vapor Passion Corp., Yasania Bravo, and Carlos Llamos, and states as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Miami-Dade County, Florida at the time that this dispute arose.

3. The Defendant, Vapor Passion Corp., is a business that regularly transacts business within Miami-Dade County. Upon information and belief, Defendant Corporation was the FLSA employer for Plaintiff's period of employment ("the relevant time period").

4. The individual Defendant, Yasania Bravo, is a corporate officer and/or owner of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and was therefore Plaintiff's employer as defined by 29 U.S.C.

203 (d).

5. The individual Defendant, Carlos Llamos, is a corporate officer and/or owner of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period who was responsible for paying Plaintiff's wages for the relevant time period; controlled Plaintiff's work and schedule; and hired and fired the Plaintiff and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

6. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

## COUNT I: FEDERAL STATUTORY VIOLATION (OVERTIME WAGE VIOLATION) AGAINST ALL DEFENDANTS

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. This action arises under the laws of the United States. This case is brought as a collective action under 29 U.S.C. 216(B). It is believed that the Defendants have employed several other similarly situated employees like the Plaintiff who have not been paid overtime wages for worked performed in excess of 40 hours weekly from the filing of this complaint back three years.

9. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

10. Plaintiff, Claudio Ortega Camejo, worked for Defendants as a sales associate from on or about November 22, 2013 through on or about May 21, 2014.

11. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. Plaintiff's work for Defendants was actually in and/or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

12. Furthermore, upon information and belief, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants business an enterprise covered under the Fair Labor Standards Act.

13. Upon information and belief, the Defendant Corporation's gross sales or business done exceeded $125,000 for the first quarter of the year 2014 and is expected to exceed $500,000 for the year 2014.

14. Upon information and belief, the Defendant Corporation's gross sales or business done exceeded $125,000 for the fourth quarter of the year 2013 and exceeded $500,000 for the year 2013.

15. During the relevant time period, Plaintiff, Claudio Ortega Camejo, worked an average of 48 hours a week was paid an hourly rate of $10.00/hr but was not paid any

overtime wages whatsoever. Therefore, Plaintiff claims his unpaid time and a half overtime wages at the hourly rate of $15.00 for each overtime hour worked.

16. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with each Defendant or, as much as allowed by the Fair Labor Standards Act --whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances.

*The Plaintiff requests a trial by jury.*

## COUNT II: RETALIATION UNDER 29 USC 215(A)(3) AGAINST DEFENDANTS VAPOR PASSION CORP. AND CARLOS LLAMOS

17. Plaintiff incorporates by reference paragraphs 1-16 above as if fully set forth herein, and further states as follows:

18. The Plaintiff ordinarily worked at a second Vapor Passion location during his off days from his employment with the Defendants in this action.

19. Throughout his employment with the Defendants, the Plaintiff made several oral complaints regarding his right to be paid overtime compensation. These complaints

were made to Plaintiff's supervisor, individual Defendant Carlos Llamos.

20. As a result of these complaints for overtime compensation, the Plaintiff was retaliated against in the following ways:

    a. Plaintiff was subjected to continuous on the job harassment;

    b. Plaintiff was terminated from his employment on or about May 21, 2014, when the individual Defendant Carlos Llamos insisted that the Plaintiff work on his day off without overtime compensation, despite the fact that he knew the Plaintiff would be working at a second Vapor Passion location;

    c. Mr. Llamos went to the second Vapor Passion location when the Plaintiff was working there, and physically attacked the Plaintiff, punching him repeatedly;

    d. Mr. Llamos made defamatory statements about the Plaintiff to the owner of the second Vapor Passion store, as discussed in Count III below, causing the Plaintiff to be terminated from his job at that location as well.

21. The motivating factor in Defendants' conduct was Plaintiff asserting claims for overtime wages.

22. The retaliatory conduct against Plaintiff discussed above is in direct violation of 29 U.S.C. 215 (A)(3) because the motivating factor was Plaintiff's demand for his legally mandated wages and, as a result, Plaintiff has been damaged.

Wherefore, the Plaintiff, Claudio Ortega Camejo, requests judgment against the Defendants, jointly and severally, back wages, front wages, attorney's fees, costs and

liquidated damages, emotional distress and humiliation and pain and suffering, as well as all other damages recoverable by law 29 U.S.C. 216(B). *Plaintiff requests a trial by Jury.*

## COUNT III: DEFAMATION AGAINST DEFENDANT CARLOS LLAMOS

23. Plaintiff incorporates by reference paragraphs 1-22 above as if fully set forth herein, and further states as follows:

24. This Court has supplemental jurisdiction to hear this count pursuant to 28 U.S.C. §1367.

25. During the Plaintiff's employment with the Defendants, the Plaintiff maintained a part time job working for a second Vapor Passion store on his days off.

26. As discussed above, following the Plaintiff's termination, Carlos Llamos went to the second Vapor Passion store where the Plaintiff was working on or about May 22, 2014, to confront the Plaintiff in the presence of the owner of the second Vapor Passion location.

27. Mr. Llamos told the owner of the second Vapor Passion store that the Plaintiff had stolen supplies from him during his employment with the Defendants.

28. Mr. Llamos then physically attacked the Plaintiff, causing the Police department to show up.  Mr. Llamos then repeated the false allegations about the Plaintiff stealing supplies in the presence of the Police Officers.

29. These statements were false.

30. Mr. Llamos had no reasonable factual basis to make these statements and knew, or had reason to know, that the statements were false yet made them deliberately and with malice towards the Plaintiff.

31. Plaintiff has suffered damages as a direct and proximate cause of the Defendant's

defamatory statements.

32. As a result of these statements, the second Vapor Passion location terminated the Plaintiff's employment.

33. Additionally, the Plaintiff suffered substantial humiliation and emotional distress as a result of the defamatory statements.

WHEREFORE, Plaintiff demands judgment against the Defendant, general, compensatory, and punitive damages, together with pre and post judgment interest and all other damages recoverable by law.

*Plaintiff requests trial by jury.*

Respectfully Submitted,

David Markel, Esq.
The Markel Law Firm
Attorney For Plaintiff
3191 Grand Avenue #1531
Miami, Florida 33133
Tel: (305) 458-1282
Fax: 1(800) 407-1718
Email: David.Markel@markel-law.com

By:__/s/ David Markel_____
David Markel, Esq.
Florida Bar Number: 78306