UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-22485-CIV-GOODMAN

**[CONSENT CASE]**

CLAUDIO ORTEGA CAMEJO,

    Plaintiff,

v.

VAPOR PASSION CORP., et al.,

    Defendants.

_____/

## ORDER DENYING MOTION TO DISMISS

THIS cause is before the Court on Defendants' Vapor Passion Corp., Yesenia Bravo, and Carlos Llanos' (together, the "Defendants") Motion to Dismiss and Response to Plaintiff's Statement of Claim (the "Motion"). [ECF No. 9]. Plaintiff Claudio Ortega Camejo ("Plaintiff") responded in opposition to the Motion. [ECF No. 12]. Defendants did not file a reply brief. After review of the Motion, the Response, and all other pertinent portions of the record, the Motion is **DENIED**, for the reasons outlined below.

**I.**     **Background**

Plaintiff filed a three-Count Complaint on July 6, 2014, for violations of the Fair Labor Standards Act ("FLSA") (count I -- unpaid overtime, and count II -- retaliation), and for defamation (count III -- a claim arising under state law). [ECF No. 1].

The Motion, filed under Federal Rule of Civil Procedure 12(b)(6), argues that count I of the Complaint should be dismissed because: (1) Plaintiff never filed the required Consent in Writing with the Court to become a party to the instant action as required by 29 U.S.C. § 216(b); (2) Plaintiff failed to follow a prior Court Order requiring him to file documents supporting his FLSA claims; (3) Defendant Vapor Passion has annual sales of less than $500,000.00 and is therefore outside the jurisdictional reach of the FLSA; and (4) Plaintiff was compensated for the one instance he actually worked overtime. According to Defendants, because count I fails for the above reasons, count II, for retaliation, must also be dismissed, and the remaining state law defamation claim should be "transferred to the State Tribunal." [ECF No. 9, pp. 2-3].

## II.    Analysis

### a. The Standard

A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the allegations in a complaint. Fed. R. Civ. P. 12(b)(6). Faced with such a motion, a reviewing court accepts all of the allegations in the complaint as true, and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary -- the statement need only "give the defendant fair notice of what

the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted).

Under the so-called "plausibility standard" announced in *Twombly*, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In essence, the facts pled in the complaint must "raise a reasonable expectation that discovery will reveal evidence" corroborating the plaintiff's claim. *Twombly*, 550 U.S. at 556. Notably, *Twombly* does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**b. The named plaintiff in an FLSA action does not need to file a consent to join as a party.**

Defendants' argument that this case should be dismissed because Plaintiff failed to file a notice of consent to join his own lawsuit is entirely without merit. The FLSA statutory provision cited by Defendants in support of their argument relates to so-called "opt-in" plaintiffs in FLSA collective action cases. Each such opt-in plaintiff must affirmatively consent to be a party plaintiff to the lawsuit, and that consent must be filed with the Court. As this Court recently explained in another FLSA lawsuit:

> The FLSA was amended in 1947 in several important respects to stymie the flood of litigation brought by persons other than the low-wage employees it sought to protect. *Cameron–Grant*, 347 F.3d at 1247–48. Specifically, the amendments limited standing for FLSA actions to aggrieved employees and added the so-called "opt-in" provision. That provision provides that "[n]o employee shall be a party plaintiff to any [FLSA] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). By adding these amendments, Congress sought to "prevent large group actions, with their vast allegations of liability, from being brought on behalf of employees who had no real involvement in, or knowledge of, the lawsuit." *Cameron–Grant,* 347 at 1248 (internal quotations omitted).

*Collado v. J. & G. Transp., Inc.*, No. 14-80467-CIV, 2014 WL 6896146, at *2 (S.D. Fla. Dec. 5, 2014).

Here, Defendants are on notice of Plaintiff's claim, and the purposes of § 216(b) have been met -- Plaintiff quite clearly is involved with, and has knowledge of, his own lawsuit. There is no need for the actual named plaintiff in an FLSA action to file a consent to join a lawsuit that *he* filed. Such a requirement would be redundant and is simply unnecessary. *See Ornelia Bonachea-Perez v. Ore Seafood, Inc.*, Case No. 10-24603-Civ-Ungaro, ECF No. 10 (S.D. Fl. Jan. 31, 2011) ("a named plaintiff in a collective FLSA action is not required to file a consent to join as a party.")

> c. **Any failure by Plaintiff to substantiate the FLSA claim with supporting documents and a statement of claim does not justify dismissal of this action.**

Previously, before the parties' full consent to jurisdiction by the Undersigned, U.S. District Court Judge Joan A. Lenard entered a Notice of Court Procedure in Actions

Brought Under the Fair Labor Standards Act. [ECF No. 4]. Judge Lenard enters that notice in all FLSA cases to which she is assigned. The notice requires an FLSA Plaintiff to file either a "Statement of Claim" or an Amended Complaint that outlines, at a minimum, an initial estimate of the alleged unpaid wages, a preliminary calculation of such wages, the approximate period during which the violation occurred, and the nature of the wages (e.g. overtime or straight time). [*Id.* at p. 2].

Plaintiff in this case *did* file a Statement of Claim, and that document *does* meet the above requirements. [ECF No. 5]. In addition, though, the Notice requires Plaintiff to furnish Defendants' counsel with all documents supporting that Statement of Claim. [ECF No. 4, p. 2]. Defendants argue they have not received such supporting documents from Plaintiff and the case should therefore be dismissed.[1]

However, Plaintiff has stated in response that the only supporting documentation in his possession are copies of certain checks, which Defendants already have in their possession, and which Defendants filed along with their Motion. [ECF No. 9-2]. This is a common scenario at the outset of a case. It is not Plaintiff's fault that he does not have *all* supporting documentation to support a claim at this early stage of litigation, and a claim cannot be dismissed on such grounds. As a technical matter,

---

[1] Defendants seem to argue as well that those supporting documents should have been **filed** as well, but that is *not* required by the Notice. [ECF No. 4]. Instead, the Notice requires that either a Statement of Claim or an Amended Complaint be filed, and that it, along with the supporting documents, be *served* (not filed) on defense counsel. [*Id.* at p. 2].

5

Plaintiff *should* have served copies of the checks on defense counsel. There is no "but-defendant-already-has-the-documents" exception to the document production requirement. Nevertheless, the failure to produce documents which Defendants already have, while problematic, is not a ground for dismissal.

Plaintiff has alleged, in his Complaint as well as in the Statement of Claim, specific facts to substantiate his FLSA overtime and retaliation claims, including the date range he worked, the amount of money he should have been paid for that time period, and allegations that he was not paid that amount. To state a claim (as opposed to complying with an order) it is not necessary that Plaintiff allege additional, specific facts, or furnish time sheets and other documents to substantiate the claim. It is only necessary that the allegations in the Complaint "raise a reasonable expectation that discovery will reveal evidence" corroborating the claims. *Twombly*, 550 U.S. at 556, 570. Plaintiff has met that standard here.

Quite simply, "[t]he facts alleged in the complaint are plausible and **raise a reasonable expectation that discovery could supply additional proof** of [Defendants'] liability." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (emphasis added). This is enough to survive a motion to dismiss and allow discovery in this matter to proceed.

### d. Whether Defendants' annual sales fail to meet the statutory requirements for FLSA liability will not be addressed at the motion to dismiss stage.

In his Complaint, Plaintiff bases FLSA jurisdiction on "enterprise coverage" -- alleging, as required for FLSA jurisdiction based on enterprise coverage (216 U.S.C. § 203), that Defendant Vapor Passion has at least $500,00.00 in annual gross sales. [ECF No. 1, p. 3]. Defendants, in their Motion, argue that Plaintiff's Complaint must be dismissed because Vapor Passion does not have sales of that amount, and include, as an exhibit to the Motion, two profit and loss statements: one for the fourth quarter of 2013 and another for the first quarter of 2014. [ECF No. 9-1].

The Court accepts the well-pleaded allegations of the Complaint as true for purposes of a motion to dismiss. The Complaint quite clearly alleges that gross sales for the fourth quarter of 2013 and the first quarter of 2014 each exceeded $125,000.00, and that annual sales for 2013 and 2014 therefore exceeded the requisite $500,000.00.

While the Court *could* consider the Motion based on a lack of "enterprise coverage" one for summary judgment, and in so doing, consider the attached profit and loss statements, as well as any additional evidence proffered by Plaintiff, the Undersigned will not do so. Fed. R. Civ. P. 12(b); *Heckert v. 2495 McCall Rd. Corp.*, No. 207CV-310FTM-34SPC, 2008 WL 508079, at *6 (M.D. Fla. Feb. 21, 2008).

It is not clear from the record whether Plaintiff has had the benefit of full discovery on this point. In addition, the included profit and loss statements appear to evidence sales quite close to the jurisdictional threshold. These statements were

prepared by Defendants, and contrary to their assertion, extrapolating those numbers does *not* lead to the conclusion that total sales were "well below the $500,000 annual threshold to invoke the jurisdiction of the FLSA." [ECF No. 9, p. 7]. It makes far more sense to allow discovery in this matter to proceed, and, if appropriate and justified by the facts, Defendants may later file a motion for summary judgment on this point. *Heckert*, 2008 WL 508079, at *6 (reaching same result).

The Court declines to exercise its discretion to convert Defendants' Motion to Dismiss into one for summary judgment, and, therefore concludes, based on the well-pleaded allegations of the Complaint, that Plaintiff has properly alleged that Defendant Vapor Passion is subject to the FLSA.

### e. Whether Plaintiff was adequately compensated for overtime that he worked is not an issue to be resolved on a motion to dismiss.

Defendants' final argument in support of the Motion is that Plaintiff was adequately compensated for the overtime that he worked. In support of their argument, Defendants attached checks issued to Plaintiff and a document entitled "Income Withholding for Support." [ECF Nos. 9-2; 9-3].

However, a motion to dismiss for failure to state a claim is measured against the well-pleaded allegations of the Complaint, and the Complaint in this case, as well as the Statement of Claim, quite clearly allege with the requisite specificity the grounds for an overtime claim under the FLSA. As with the prior argument, the Undersigned will not exercise my discretion to convert the Motion into one for summary judgment. These

issues are more properly to be resolved after both parties have had the benefit of discovery. At that time, Defendants may, if they choose, file a motion for summary judgment.

### III. Conclusion

For the reasons outlined above, Defendants' Motion to Dismiss is **DENIED**. Defendants' request for reasonable attorney's fees and costs "upon a determination that the Plaintiff's FLSA filing was vexatious and was litigated in bad faith" is therefore also **DENIED.** [ECF No. 9, p. 9].

**DONE AND ORDERED** in Chambers, in Miami, Florida, January 13, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record