## SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASE

VAPOR PASSION CORP., SMOKMIAMI CORP., YESENIA BRAVO, CARLOS LLANOS., including their heirs, representatives, attorneys, successors, and assigns, (hereinafter collectively referred to as "Defendants") and CLAUDIO ORTEGA CAMEJO, including his heirs, representatives, attorneys, successors, and assigns ("Plaintiff") for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1. **General Release.** In consideration for the promises contained in this Settlement Agreement and General Release (the "Agreement"), the Parties agree to release each other from all claims they have against each other, including but not limited to those that have been, or could possibly have been raised in the lawsuit filed in the United States District Court for the Southern District of Florida, Case No.: 14-CIV-22485-GOODMAN.

2. **Settlement Amount and Attorney's Fees.** In consideration of the promises of Plaintiff as set forth herein, the Parties agree to settle this matter for a total of Eight Thousand Dollars and no cents ($8,000.00) which shall be issued to the The Markel Law Firm, P.A. Client Trust Account in the following installments: $2,000.00 to be paid within 7 days of execution of this agreement, $500.00 to be paid within thirty (30) days of the day the first payment is due, and $500.00 to be paid every thirty (30) days thereafter until the balance has been satisfied. Should the Defendants fail to make a payment as described above, the Plaintiff will be entitled, upon notice and fifteen (15) days opportunity to cure, a default final judgment against all Defendants, jointly and severally, for $10,000.00 minus the amount that has been paid under this agreement. Of the above described amount, $3,000.00 will go to the Plaintiff, representing $1,500.00 in unpaid wages and $1,500.00 representing liquidated damages; $2,000.00 represents costs, and $3,000.00 represents attorney's fees.

3. **No Rehire**: Plaintiff agrees that he will not seek re-employment at Defendants business, and should Defendants refuse to re-hire Plaintiff such action shall not constitute retaliation under 29 USC 215.

4. **No Other Claims**: Plaintiff acknowledges that he does not have any other pending claims against Defendants.

5. **Non-Admission Clause.** By entering into this Agreement, the Defendant does not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA, and expressly deny any and all such liability.

6. **Non Disparaging Remarks**. The parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity. In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendants will only provide dates of employment, and/or positions held, and/or rates of pay.

7. **Jurisdiction.** The parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida.

8. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

9. **Enforcement.** In the event any action is commenced to enforce said settlement agreement, the prevailing party shall be entitled to reasonable fees and costs.

10. **Voluntariness.** Plaintiff certifies that Plaintiff has fully read, negotiated, and completely understands the provisions of this Agreement, that Plaintiff has been advised by Defendants to consult with an attorney before signing the Agreement, and that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence.

11. **Counterparts:** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

**CLAUDIO ORTEGA CAMEJO**

By: _[signature]_
CLAUDIO ORTEGA CAMEJO

Date: 09/11/15

**SMOKMIAMI CORP.**

By: _[signature]_
Name:
Title:

Date: 9.11.15

**YESENIA BRAVO**

By: _[signature]_
YESENIA BRAVO

Date: 9.11.15

CARLOS LLANOS
By: _____ POA
CARLOS LLANOS

Date: 9·11·15